<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC HAFNER, <br><br> Plaintiff, <br><br> v. <br><br> SENATOR ROBERT MENENDEZ, <br><br> Defendant. | Civil Action No. 23-22557 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Eric Hafner's ("Plaintiff") Complaint (ECF No. 1) against Defendant Senator Robert Menendez ("Senator Menendez") for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-1).

When a prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. 28 U.S.C. § 1915(a)(1). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed and screened Plaintiff's filings, for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED**.

I.  **BACKGROUND**

In November 2023, Plaintiff filed this lawsuit against Senator Menendez in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1331. Plaintiff alleges Senator Menendez violated RICO and committed various types of fraud by accepting bribes from the Government of Egypt in exchange for his official acts as U.S. Senator. (ECF No. 1 ¶¶ 17, 18.)

The Complaint alleges Senator Menendez, his wife, and others[1] "known and unknown conspired to receive [] bribes from the Government of Egypt, and in fact received the[] bribes in violation of 18 U.S.C. § 201" and "association-in-fact meets the requirements for a RICO enterprise." (*Id*. ¶ 17.) Plaintiff alleges those "fraudulent misrepresentations" and "corrupt acts . . . represented a scheme to induce the United States Senate seat held by Robert Menendez to be improperly controlled by the government of Egypt." (*Id*. ¶ 18.)

Plaintiff further alleges Senator Menendez's actions gave rise to mail fraud under 18 U.S.C. § 1341, wire fraud under 18 U.S.C. § 1343, fraud under 18 U.S.C. § 1341, and honest services fraud under 18 U.S.C. § 1346, which he alleges satisfy the requirements of a "RICO predicate act" and "nexus with interstate commerce." (*Id*. ¶ 20.) Plaintiff charges that "defendants [sic] multiple fraudulent misrepresentations and bribes as detailed above constitute a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5)" and "[d]efendants have conducted and have conspired to conduct the affairs of the RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), (d)." (*Id*. ¶ 22.)

Plaintiff alleges Senator Menendez's actions proximately caused Plaintiff to be "deprived of his right to honest government" and "as a democratic party voter, and federal candidate as a

---

[1] Senator Menendez is the only named defendant in the Complaint, however, Plaintiff's allegations ambiguously reference "defendants." The Court will only address the allegations as they relate to Senator Menendez.

Democrat, has had his ability to be elected tarnished." (*Id*. ¶ 23.) Plaintiff seeks $100,000,000 in damages based on the "value of the honest government services" and for injuries to "Democratic Party candidates such as himself" and "otherwise candidates who would employ plaintiff." (*Id*. ¶ 24.)

## II.   LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DECISION

#### A. Plaintiff's RICO Claim

Consistent with the *Iqbal-Twombly* standard, courts in this District have held plaintiffs must allege specific facts to support RICO claims. *See, e.g.*, *Palmer v. United States*, Civ. A. No. 21-11721, 2022 WL 310208, at *7 (D.N.J. Feb. 1, 2022). "To state a civil RICO claim, a plaintiff must plausibly allege the following elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Id.* (citing 18 U.S.C. § 1962(d)). Plaintiffs must describe how the alleged criminal enterprise was formed and what type of "predicate acts" the defendants took part in. *Id.* at *8. Under the RICO Act, an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A "pattern of racketeering activity" requires at least two acts of racketeering activity as set forth in § 1961(a) within a ten-year period. 18 U.S.C. § 1961(5). Further, violations of statutes that are mentioned in "passing," or merely referenced in the complaint without factual support, are not sufficient to raise a claim. *Alexis v. Sessions*, Civ. A. No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).

"[I]n order to have standing to litigate a civil RICO claim, a plaintiff must show that she suffered an injury to her business or property and that the injury was proximately caused by the defendant's racketeering activities." *Palmer*, 2022 WL 310208, at *7 (citing *Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 145 (3d Cir. 2014)). The Third Circuit has held personal injuries do not qualify as RICO injuries to business or property. *Williams v.*

*BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014). To adequately allege RICO injuries, a plaintiff must provide "proof of a concrete financial loss" and not mere "speculation" that future events might occur. *Maio v. Aetna, Inc.*, 221 F.3d 472, 483, 495 (3d Cir. 2000).

Here, Plaintiff fails to describe the alleged fraud that he claims is evidence of a pattern of racketeering activity. (ECF No. 1 ¶¶ 18–20.) Just as plaintiff in *Alexis* referenced RICO in "passing" among other claims, Plaintiff references mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), fraud (18 U.S.C. § 1341), and honest services fraud (18 U.S.C. § 1346) in "passing"—*i.e.*, without facts to support the existence of fraud under those statutes. (*Id*. ¶¶ 18–20; 2018 WL 5077899, at *2 n.1.) Therefore, those claims are not sufficiently pled.

Plaintiff has alleged general, personal injuries that do not qualify as RICO injuries under the statute. Plaintiff's request for $100,000,000 (ECF No. 1 ¶ 24) is not substantiated by proof of "concrete" financial loss. *See Maio*, 221 F.3d at 483, 495. Plaintiff's alleged injury to his Democratic candidacy and employment in politics (ECF No. 1 ¶ 23) is speculative because it is "predicated exclusively on the *possibility* that future events might occur." *Maio*, 221 F.3d at 495 (emphasis in original). Moreover, Plaintiff cannot plausibly claim that Senator Menendez's involvement with the Government of Egypt in 2021 and 2023—the years Plaintiff alleges the bribes occurred—proximately caused the injury to Plaintiff's career because Plaintiff has been incarcerated since 2019. (ECF No. 1 ¶ 10; ECF No. 1-1 at 5; *Palmer*, 2022 WL 310208, at *7.) Therefore, Plaintiff has not adequately alleged RICO injuries, and, accordingly, fails to sufficiently state any claims.[2]

---

[2] It is also possible Senator Menendez is immune from suit, but due to the insufficiencies of Plaintiff's allegations and his failure to state a claim, the Court does not reach this issue.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Plaintiff has 30 days to file a final amended complaint curing the deficiencies addressed herein. An appropriate Order follows.


Date: April 25, 2024                                          */s/Brian R. Martinotti*
                                                                                   **BRIAN R. MARTINOTTI**
                                                                                  UNITED STATES DISTRICT JUDGE